UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CHASE HENDLEY**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 1:25-CV-76-GNS**

**ALLEN COUNTY SHERIFF DEPARTMENT** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chase Hendley initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues the Allen County Sheriff Department (ACSD) and the Allen County Police Department (ACPD). Plaintiff alleges that he was "booked in by deputies after warrant was served. My right to privacy was violated . . . ." He continues, "I have been stopped and ID'd for going just under the speed limit, I have now been stopped to verify tags + insurance, I have been stopped for a supposed headlight being out. Warrants served for something that wasn't a crime." He then states, "The violation of my rights for officers employment and to make quota is absurd. Both Allen County Police Department and Allen County Sheriffs Office went the extra mile to ensure public humility works in their favor against me." As relief, Plaintiff seeks financial compensation for the alleged violations of his rights and because his mugshot was posted on numerous social sites.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Neither police departments nor sheriff's departments are entities subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Indeed, Plaintiff's claims against the ACSD and ACPD are properly construed as brought against Allen County. *Matthews*, 35 F.3d at 1049. "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). There are four ways that a plaintiff can prove the existence of a municipal custom or policy. A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id*. (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff seems to allege that Allen County had a custom of allowing its officers to pull him over so that the officers could make "quota." Showing a custom of tolerance of or acquiescence to federal rights violations requires "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (internal quotation marks omitted); *see Burgess*, 735 F.3d at 478 ("A

3

custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims.").

The Court finds that Plaintiff's one-sentence allegation that Allen County allowed officers to violate his constitutional rights so that the officers could make "quota" is vague and conclusory and that it lacks "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" under the above standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). *See also Braunskill v. Brown Cnty. Sheriff Dep't*, Case No. 1:24-cv-374, 2024 U.S. Dist. LEXIS 190817, at *6-7 (S.D. Ohio Oct. 21, 2024) (holding that allegation that a county had a "long standing policy of indifference to the deprivation of citizen's rights" was too conclusory to show a custom or policy under *Iqbal* and *Twombly*).

Thus, because Plaintiff has failed to adequately plead that the alleged violations of his constitutional rights occurred due to a custom or policy of Allen County, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reason set forth herein.

Date: July 8, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
4416.011